IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

ROBERT PAUL MAGTULIS CLEDERA, §
                                §
        Plaintiff,              §
                                §
V.                              §        No. 3:19-cv-1997-M-BN
                                §
UNITED STATES, ET AL.,          §
                                §
        Defendants.             §

## ORDER SETTING BRIEFING SCHEDULE

Plaintiff Robert Paul Magtulis Cledera filed this *pro se* action against the United

States; federal, state, and local officials; and several corporations. His action has been

referred to the undersigned United States magistrate judge for pretrial management

under 28 U.S.C. § 636(b) and a standing order of reference from Chief Judge Barbara

M. G. Lynn. Cledera paid the $400 filing fee and thereby undertook the responsibility

to serve each defendant he has named. And he has filed an amended complaint. *See*

Dkt. No. 8.

Two more motions to dismiss claims he has asserted have been filed:

·       Federal Defendants' Motion to Dismiss [Dkt. No. 77]; and

·       The Walt Disney Company's Motion to Dismiss for Lack of Personal
        Jurisdiction [Dkt. Nos. 82 & 83].

Accordingly, the deadline for these defendants to serve responsive pleadings to

the amended complaint is stayed pending the Court's disposition of their motions. *See*

FED. R. CIV. P. 12(a)(4); *see, e.g., FuQua v. Massey*, 615 F. App'x 611, 613 (11th Cir.

2015) (per curiam); *Haffke v. Discover Fin. Servs.*, No. 4:10cv276, 2010 WL 3430853, at *1 (E.D. Tex. Aug. 6, 2010), *rec. adopted*, 2010 WL 3430848 (E.D. Tex. Aug. 27, 2010).

And Cledera must file written responses to the motions by **January 3, 2020**. Each response must be accompanied by or incorporate a brief, and each response and each brief shall not together exceed 30 pages in length, excluding any table of contents and table of authorities.

The moving defendants may file reply briefs, but no additional documents, by **January 21, 2020**. Each reply shall not exceed 15 pages in length. No supplemental pleadings, briefs, or evidence or other documents may be filed in connection with the motion to dismiss or response thereto without leave of court.

The Federal Defendants' motion to dismiss is based on Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) – legal standards that the Court has set out for Cledera multiple times – but, because he is proceeding *pro se*, the Court sets out the following legal standard applicable to the Walt Disney Company's motion to dismiss:

Federal Rule of Civil Procedure 12(b)(2)

When a non-resident defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing that the court has jurisdiction over the nonresident. *See Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 431 (5th Cir. 2014); *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008). If the court decides the matter without an evidentiary hearing, the plaintiff may meet its burden by presenting a prima facie case for personal jurisdiction. *See*

*Gardemal v. Westin Hotel Co.*, 186 F.3d 588, 592 (5th Cir. 1999); *Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir. 1994).

A federal district court may exercise personal jurisdiction over a non-resident defendant if (1) the long-arm statute of the forum state permits the exercise of personal jurisdiction over the defendant and (2) the exercise of jurisdiction by the forum state is consistent with due process under the United States Constitution. *See Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 398 (5th Cir. 2009). "As the Texas long-arm statute extends as far as constitutional due process allows, we only consider the second step of the inquiry." *McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009).

The due process component of personal jurisdiction requires two elements: (1) the nonresident must have some minimum contact with the forum such that the he or she could anticipate being haled into the courts of the forum state, and (2) it must be fair or reasonable to require the nonresident to defend the suit in the forum state. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474-78 (1985); *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008). The Due Process Clause ensures that persons have "fair warning that a particular activity may subject [them] to the jurisdiction of a foreign sovereign." *Burger King*, 471 U.S. at 472 (internal quotation marks omitted). Personal jurisdiction must be assessed on an individual-defendant basis. *See Rush v. Savchuk*, 444 U.S. 320, 332 (1980).

First, to establish minimum contacts with the forum, a non-resident defendant must do some act by which he "purposefully avails himself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections

of its laws." *Burger King*, 471 U.S. at 474-75 (internal quotation marks omitted). But the unilateral activity of one asserting a relationship with the non-resident defendant does not satisfy this requirement. *See id.* at 474; *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 417 (1984).

Second, in determining whether the exercise of jurisdiction is appropriate, the United States Supreme Court has focused less on presence in the forum state as a means to establish jurisdiction and looked increasingly to whether a defendant's purposeful contacts with the forum state make it reasonable to require the defendant to defend the particular suit in that forum. *See Quill Corp. v. North Dakota*, 504 U.S. 298, 307 (1992). Thus, "[i]n determining whether or not exercise of jurisdiction is fair and reasonable, defendants bear the burden of proof and 'it is rare to say the assertion [of jurisdiction] is unfair after minimum contacts have been shown.'" *McFadin*, 587 F.3d at 759-60 (quoting *Wien Air Alaska, Inc., v. Brandt*, 195 F.3d 208, 215 (5th Cir. 1999)).

Five factors guide a court's analysis of whether exercising personal jurisdiction is fair and reasonable: "(1) the burden on the nonresident defendant, (2) the forum state's interests, (3) the plaintiff's interest in securing relief, (4) the interest of the interstate judicial system in the efficient administration of justice, and (5) the shared interest of the several states in furthering fundamental social policies." *Luv n' care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 473 (5th Cir. 2006).

Two types of personal jurisdiction may be exercised over a non-resident defendant: specific jurisdiction and general jurisdiction. Specific jurisdiction exists if

-4-

the cause of action is related to, or arises out of, the defendant's contacts with the forum state and those contacts meet the due process standard. *See J.R. Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 871 (5th Cir. 2000). "When a court exercises personal jurisdiction over a defendant based on contacts with the forum related to the particular controversy, the court is exercising 'specific jurisdiction.'" *Holt Oil & Gas Corp. v. Harvey*, 801 F.2d 773, 777 (5th Cir. 1986) (citations omitted). "For a State to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State." *Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014). "First, the relationship must arise out of contacts that the 'defendant *himself*' creates with the forum State." *Id.* at 1122 (emphasis in original) (quoting *Burger King*, 471 U.S. at 475). "Second, [the] 'minimum contacts' analysis looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Id.* (citations omitted). Specific jurisdiction is a "claim-specific inquiry," so a plaintiff must establish specific jurisdiction for each claim asserted. *Dontos v. Vendomation NZ Ltd.*, 582 F. App'x 338, 343 (5th Cir. 2014) (quoting *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 274 (5th Cir. 2006)).

General jurisdiction, on the other hand, may be found when the nonresident's contacts with the forum are "continuous and systematic," even though the claim is unrelated to those contacts. *Helicopteros Nacionales*, 466 U.S. at 41-16. The Supreme Court has observed that the proper consideration when determining general jurisdiction is "whether that corporation's 'affiliations with the State are so continuous and systematic as to render [it] essentially at home in the forum State.'" *Daimler AG*

*v. Bauman*, 134 S. Ct. 746, 761 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011); alteration in original). The Supreme Court held that, as to a corporation, "the place of incorporation and principal place of business" are where it is "at home" and are thus paradigm bases for jurisdiction. *Id.* at 760. "It is, therefore, incredibly difficult to establish general jurisdiction in a forum other than the place of incorporation or principal place of business." *Monkton Ins. Servs.*, 768 F.3d at 432 (citations omitted). A nonresident that merely does business with Texas businesses or customers will not be subject to general jurisdiction here unless it also has a lasting physical presence in the state. *See Access Telecom, Inc. v. MCI Telecomms. Corp.*, 197 F.3d 694, 717 (5th Cir. 1999); *see also Johnston*, 523 F.3d at 614 (general jurisdiction not conferred simply by advertising within a state or traveling to the state at regular intervals).

Under both specific and general jurisdiction analyses, "the constitutional touchstone remains whether the defendant purposefully established 'minimum contacts' in the forum [s]tate." *Burger King*, 471 U.S. at 474 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). The "purposeful availment" requirement of the minimum contacts inquiry "ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts ... or of the 'unilateral activity of another party or a third person.'" *Id.* at 475 (citations omitted). A plaintiff must establish a substantial connection between the non-resident defendant and the forum state. *See Jones v. Petty–Ray Geophysical Geosource, Inc.*, 954 F.2d 1061, 1068 n.9 (5th Cir. 1992).

The deadlines set forth in this order will not be modified except upon written motion for good cause shown.

Further, the Court strongly discourages any request to extend either of these deadlines through a motion that is filed within three business days of the existing deadline and will grant any such motion only upon a showing in the written motion of extraordinary circumstances.

The Court intends to rule on the motions based on the parties' written submissions, without hearing oral argument. *See* N.D. TEX. L. CIV. R. 7.1(g) ("Unless otherwise directed by the presiding judge, oral argument on a motion will not be held."). But the Court, in its discretion, may schedule oral argument prior to ruling on a motion.

If, while the motions are pending, the parties are having serious discussions that might make it unnecessary for the Court to rule on any motion, the parties must immediately advise Shakira Todd in the district clerk's office, at (214) 753-2165, that such discussions are ongoing.

And please note that deadlines in this order are for filing or delivery and are not mailing dates.

SO ORDERED.

DATED: December 4, 2019

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE