IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROBERT PAUL MAGTULIS CLEDERA, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| V. § | No. 3:19-cv-1997-M-BN | |
| § | | |
| UNITED STATES, ET AL., § | | |
| § | | |
| Defendants. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Robert Paul Magtulis Cledera paid the $400 filing fee to bring this *pro se* civil rights action against the United States, federal officials, state officials, municipal officials, and corporations. Through an amended complaint, Cledera alleges that "[a]gents acting [on] behalf of the Federal Government [have] engaged in a conspiracy to harass[], torture and stalk [him] and [his] family." Dkt. No. 8.

His case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Chief Judge Barbara M. G. Lynn.

Multiple defendants have moved to dismiss Cledera's claims as amended on various bases, most moving to dismiss under Federal Rule of Civil Procedure 12(b)(6), because Cledera has failed to state a claim upon which relief may be granted. *See* Dkt. Nos. 11, 13, 14, 16, 17, 19, 21, 22, 27, 29, 32, 33, 34, 37, 41, 42, 43, 44, 45, 49, 50, 56, 61, 62, 77, 82, 83, & 101. Cledera has responded and moved to add additional defendants (but not amend his claims). *See* Dkt. No. 112. And the defendants have

filed replies.

The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should grant the pending motions to dismiss to the extent that, because Cledera has already amended his claims and because allowing further leave to amend would be futile, given the claims made, the Court should dismiss this action with prejudice, under Rule 12(b)(6), for Cledera's failure to state a claim upon which relief may be granted.

## Legal Standards

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted, the Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007). But a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer

more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679); *see also Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019) ("Where the well-pleaded facts of a complaint do not permit a court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" (quoting *Iqbal*, 556 U.S. at 678 (quoting, in turn, FED. R. CIV. P. 8(a)(2)))).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, a plaintiff must allege more than labels and conclusions, and, while a court must accept all of a plaintiff's allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.* Instead, "to survive a motion to dismiss" under *Twombly* and *Iqbal*, a plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that the plaintiff contends entitle him or her to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *see also Inclusive Communities Project*, 920 F.2d at 899 ("'Determining whether a complaint states a plausible claim for relief' is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" (quoting *Iqbal*, 556 U.S. at 679; citing *Robbins v. Oklahoma*, 519 F.3d 1242, 1248

(10th Cir. 2008) ("[T]he degree of specificity necessary to establish plausibility and fair notice, and therefore the need to include sufficient factual allegations, depends on context.")).

This rationale has even more force here, as the Court "must construe the pleadings of *pro se* litigants liberally," *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006), "to prevent the loss of rights due to inartful expression," *Marshall v. Eadison*, 704CV123HL, 2005 WL 3132352, at *2 (M.D. Ga. Nov. 22, 2005) (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980)). But "liberal construction does not require that the Court ... create causes of action where there are none." *Smith v. CVS Caremark Corp.*, No. 3:12-cv-2465-B, 2013 WL 2291886, at *8 (N.D. Tex. May 23, 2013). "To demand otherwise would require the 'courts to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party.'" *Jones v. Mangrum*, No. 3:16-cv-3137, 2017 WL 712755, at *1 (M.D. Tenn. Feb. 23, 2017) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985)).

Aside from "matters of which judicial notice may be taken under Federal Rule of Evidence 201," *Inclusive Communities Project*, 920 F.2d at 900 (citations omitted), a court cannot look beyond the pleadings in deciding a Rule 12(b)(6) motion, *see Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Pleadings in the Rule 12(b)(6) context include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). Documents "attache[d] to a motion to dismiss are

considered to be part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

While the United States Court of Appeals for the Fifth Circuit "has not articulated a test for determining when a document is central to a plaintiff's claims, the case law suggests that documents are central when they are necessary to establish an element of one of the plaintiff's claims. Thus, when a plaintiff's claim is based on the terms of a contract, the documents constituting the contract are central to the plaintiff's claim." *Kaye v. Lone Star Fund V (U.S.), L.P.*, 453 B.R. 645, 662 (N.D. Tex. 2011). "However, if a document referenced in the plaintiff's complaint is merely evidence of an element of the plaintiff's claim, then the court may not incorporate it into the complaint." *Id.*

And a plaintiff may not amend his allegations through a response to a motion to dismiss. "[A] claim for relief" must be made through a pleading, FED. R. CIV. P. 8(a), and a response to a motion is not among the "pleadings [that] are allowed" under the Federal Rules of Civil Procedure, FED. R. CIV. P. 7(a); *see, e.g., Klaizner v. Countrywide Fin.*, No. 2:14-CV-1543 JCM (PAL), 2015 WL 627927, at *10 (D. Nev. Feb. 12, 2015) ("All claims for relief must be contained in a pleading. A response to a motion is not a pleading and it is improper for the court to consider causes of action not contained in the pleadings." (citations omitted)).

"Ordinarily, 'a *pro se* litigant should be offered an opportunity to amend his

complaint before it is dismissed.'" *Wiggins v. La. State Univ. – Health Care Servs. Div.*, 710 F. App'x 625, 627 (5th Cir. 2017) (per curiam) (quoting *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009)). But leave to amend is not required where an amendment would be futile, *i.e.,* "an amended complaint would still 'fail to survive a Rule 12(b)(6) motion.'" *Stem v. Gomez*, 813 F.3d 205, 215-16 (5th Cir. 2016) (quoting *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014)).

Also, to the extent that certain defendants have not moved to dismiss Cledera's amended claims under Rule 12(b)(6), "[i]t is well-established that a district court may dismiss a complaint on its own motion under [Rule] 12(b)(6) for failure to state a claim upon which relief may granted." *Starrett v. U.S. Dep't of Defense*, No. 3:18-cv-2851-M-BH, 2018 WL 6069969, at *1 (N.D. Tex. Oct. 30, 2018) (citing *Carroll v. Fort James Corp.*, 470 F.3d 1171 (5th Cir. 2006) (citing, in turn, *Shawnee Int'l, N.V. v. Hondo Drilling Co.*, 742 F.2d 234, 236 (5th Cir. 1984))), *rec. accepted*, 2018 WL 6068991 (N.D. Tex. Nov. 20, 2018), *aff'd*, 763 F. App'x 383 (5th Cir.) (per curiam), *cert. denied*, 140 S. Ct. 142 (2019).

A district court may exercise its "inherent authority ... to dismiss a complaint on its own motion ... 'as long as the procedure employed is fair.'" *Gaffney v. State Farm Fire & Cas. Co.*, 294 F. App'x 975, 977 (5th Cir. 2008) (per curiam) (quoting *Carroll*, 470 F.3d at 1177 (quoting, in turn, *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)); citation omitted). The Fifth Circuit has "suggested that fairness in this context requires both notice of the court's intention to dismiss *sua sponte* and an opportunity

to respond." *Id.* (quoting *Lozano v. Ocwen Fed. Bank, FSB*, 489 F.3d 636, 643 (5th Cir. 2007) (quoting, in turn, *Carroll*, 470 F.3d at 1177); internal quotation marks and brackets omitted). These findings, conclusions, and recommendations afford Cledera notice, and the period for filing objections to them affords him an opportunity to respond. *See, e.g., Starrett*, 2018 WL 6069969, at *2 (citations omitted)).

## Analysis

Cledera asserts that a vast conspiracy between multiple levels of government, facilitated by (or, at least, with the assistance of) private corporations, to surveil and harass him entitles him to $100 million in damages. *See, e.g.,* Dkt. No. 8 at 2 ("I reported to my supervisor incidents of unknown actors watching me from the moment I leave my home to work and upon arrival home. There would be a buzz of activity as soon as I step out of my home. Unmarked vans appearing out of the corner as I leave my house and as I prepare to drive out of my driveway. Cars would be traveling at speeds that are clearly unsafe for. a residential community roadway. Cars that are designed to alarm, annoy and harass by using sounds that were clearly enhanced or modified to be louder than a regular vehicle would create. I say this as I would hear these cars from inside my home at ungodly hours of the night into the morning."); *id.* at 3 ("They have also employed aircraft to harass and annoy. Aircraft would pass overhead as I step out of my home, or vehicle including my back yard. These events have been caught on my RING and ARLO security cameras as these have the capacity to record audio. I would be awoken in the middle of the night to these airplanes that engine noises were not normal and clearly enhanced to annoy and harass. I say this

as these planes would be lingering in the vicinity for a longer time than a regular plane needs to pass over the airspace over our home."); *id.* at 4-5 ("When we go on vacation or land trips, Local police on the route would make their presence felt just like here in the DFW area, they would drive by. My evidence will show Waco police, Ellis County Sheriff, Austin, TX police, to name a few lingering at my exact location. This includes unmarked police vehicles like our encounter Menifee, CA. I know for a fact that my Phones has been cloned and wire tapped. I will show incidents where in my phone will type messages on its own, it will show how my phone will revert to time lapse function when I try to record video, it will show video where in the phone cannot seem to focus making the footage blurry. When I make audio calls to my family members, the voice would not be clear. It would echo, repeat what I say or sound like I was taking in a cave. As far as I know, to get a court order requires a written affidavit and not merely based from an anonymous phone call.").

A district court's authority to dismiss an action that "fails to 'state a claim for relief that is plausible on its face'" extends to dismissal of "claims that are 'clearly baseless,' including 'claims describing fantastic or delusional scenarios.'" *Starrett*, 763 F. App'x at 383-84 (quoting *Twombly*, 550 U.S. at 570, then *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (concluding that dismissal "is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them")).

After reviewing the conspiratorial allegations contained in Cledera's amended

complaint, some of which are set out above, the undersigned finds that Cledera has set out claims that are fantastic, delusional, irrational, or wholly incredible. The Court should therefore dismiss his claims with prejudice. *Cf. Starrett*, 763 F. App'x at 384 ("Starrett asks us to overturn the district court's dismissal based on outlandish claims of near-constant surveillance, theft of intellectual property, and painful remote communication accomplished using nonexistent technology. These pleaded facts are facially implausible. Dismissal with prejudice was appropriate, the district court did not err …."); *Simmons v. Payne*, 170 F. App'x 906, 907-08 (5th Cir. 2006) (per curiam) ("The district court found that Simmons's assertion of a vast conspiracy by all levels of the state government and federal government was manifestly frivolous because the factual allegations were fanciful, irrational, incredible, and delusional. … Our review of Simmons's complaint convinces us that the dismissal as frivolous was not an abuse of discretion." (citations omitted)); *Kolocotronis v. Club of Rome*, 109 F.3d 767, 1997 WL 115260, at *1 (5th Cir. Feb. 24, 1997) (per curiam) ("The district court did not abuse its discretion in adopting a magistrate judge's finding that Kolocotronis' allegations, which describe a government plot to spread the AIDS virus throughout the world, were 'fantastic' and 'delusional' and therefore frivolous." (citation omitted)).

**Recommendation**

The Court should deny Plaintiff Robert Paul Magtulis Cledera's motion to add additional defendants [Dkt. No. 112] and grant all pending motions to dismiss, *see* Dkt. Nos. 11, 13, 14, 16, 17, 19, 21, 22, 27, 29, 32, 33, 34, 37, 41, 42, 43, 44, 45, 49, 50,

56, 61, 62, 77, 82, 83, & 101, to the extent that, because Cledera has already amended his claims and because allowing further leave to amend would be futile, given the claims made, the Court should dismiss this action with prejudice, under Federal Rule of Civil Procedure 12(b)(6), for Cledera's failure to state a claim upon which relief may be granted

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 22, 2020

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE